UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 12-08378 SJO (JCGx)      **DATE:** January 7, 2013

**TITLE:** Eric Fitzpatrick v. Mel-Jen, Inc.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz      Not Present
Courtroom Clerk      Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANT:**

Not Present      Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY THE ACTION** [Docket No. 11]

This matter is before the Court on Defendant Mel-Jen, Inc.'s ("Defendant") Motion to Compel Arbitration and Stay the Action ("Motion"), filed on December 3, 2012. Plaintiff Eric Fitzpatrick ("Plaintiff"), proceeding *in propria persona*, filed his Response on December 27, 2012. Defendant filed an Objection to Plaintiff's Untimely Response on January 3, 2012.[1] The Court found this matter suitable for disposition without oral argument and vacated the hearing set for January 7, 2013. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS** the Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Defendant as a receptionist and cashier from August 2008 until April 25, 2011. (Compl. ¶ 5; Mot. 3.) Plaintiff alleges that Defendant violated ERISA by failing to provide Plaintiff with required information concerning the group health plans provided by Defendant to its employees. (*See generally* Compl.) Plaintiff further alleges that he was reprimanded and ultimately terminated by Defendant "due to Plaintiff's efforts to resolve [Defendant's] willful violations of" ERISA. (Compl. ¶¶ 5, 46.)

On September 28, 2012, Plaintiff filed his Complaint, alleging fifty-two violations of ERISA by Defendant. (*See generally* Compl.) However, when Defendant hired Plaintiff, Plaintiff signed an agreement containing an arbitration provision, which provides in relevant part:

> Any controversy, dispute, or claim between any employee and Employer [Defendant], or its officers, agents or other employees, shall be settled by binding arbitration, at the request of either party. The

---

[1] Per Local Rule 7-9, Plaintiff's Response was due by December 17, 2012. Nevertheless, the Court will consider Plaintiff's Response given that Plaintiff is *in propria persona*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 12-08378 SJO (JCGx)**          DATE: **January 7, 2013**

> Claims covered by this arbitration agreement include . . . the determination of the scope or applicability of this agreement to arbitrate, . . . and claims for violation of any federal, state, or other government law, statute, regulation, or ordinance . . . .

(Decl. of Jim Gately in Supp. of Mot. to Compel Arbitration ("Gately Decl.") Ex. A; Resp. Exs. A, B.) On November 30, 2012, Defendant demanded that Plaintiff participate in arbitration pursuant to this agreement, but Plaintiff refused. (Mot. 4.) Defendant thereafter brought the instant Motion on December 3, 2012.

II.     DISCUSSION

Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, makes an agreement to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011). Thus, a court must compel arbitration if (1) there exists a valid agreement to arbitrate; and (2) the dispute falls within the scope of arbitration agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). A party may seek to invalidate an arbitration agreement "by generally applicable contract defenses such as fraud, duress, or unconscionability." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). But a party may not attack an arbitration agreement "by defenses that apply only to arbitration or that derive their meaning from the fact than an agreement to arbitrate is at issue." *Concepcion*, 131 S.Ct. at 1746.

In his Response, Plaintiff argues that (1) the arbitration agreement does not apply to this action because Plaintiff is no longer an employee of Defendant; (2) the copy of the arbitration agreement provided by Defendant to the Court has been wrongfully altered; and (3) Defendant has waived its right to arbitrate by failing to seek arbitration at the time of the events giving rise to this action. (*See generally* Resp.) The Court considers each argument in turn.

   A.     Validity and Scope of the Agreement to Arbitrate

Plaintiff argues that the arbitration agreement does not apply to the instant dispute because "[t]he agreement is only applicable between employer and employee [sic] . . . . Plaintiff contends that inasmuch as his employment had been terminated prior to the filing of this lawsuit, Plaintiff was not an employee, thus the arbitration agreement is not applicable." (Resp. 2.)

This argument is incorrect as a matter of law. The termination of a contract, such as Plaintiff's employment relationship with Defendant, does not extinguish the duty to arbitrate disputes "arising under the contract." *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO*, 430 U.S. 243, 251 (1977). A dispute arises under a contract, and is therefore subject

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: CV 12-08378 SJO (JCGx)    DATE: January 7, 2013

to arbitration, "only [1] where it involves facts and occurrences that arose before expiration, [2] where an action taken after expiration infringes a right that accrued or vested under the agreement, or [3] where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 205-06 (1991).

Here, the first situation set out in *Litton* applies. This dispute, concerning Defendant's provision of group health plan benefits to Plaintiff pursuant to ERISA, arose in the course of Plaintiff's employment with Defendant. Thus, the dispute would not exist but for Plaintiff's prior employment relationship with Defendant. In addition, the clear and unambiguous language of the arbitration agreement states that it covers claims for violations of federal statutes, such as ERISA. The Court therefore finds that this dispute falls within the scope of the arbitration agreement.

Plaintiff also claims that the copy of the arbitration agreement provided by Defendant as Exhibit A "is a fictitious document because the signature of the employer representative has been altered." (Resp. 3.) Plaintiff provides what he claims is the true copy of the arbitration agreement, also signed by Plaintiff, but signed by a different representative of the Defendant. (Resp. Ex. B.)

Plaintiff's argument on this ground is irrelevant—Plaintiff does not claim that he did not sign or understand the arbitration agreement, nor does Plaintiff claim that the text of the arbitration agreement has been altered in the copy provided by Defendant. Thus, even assuming *arguendo* that Defendant has provided a copy of the arbitration agreement with the signature of the wrong employer representative, this does not affect the arbitration provision's scope or validity.

   B.   Waiver

Plaintiff also avers that the arbitration agreement should not be enforced because even "if the arbitration agreement was valid during Plaintiff's employment, Defendant failed to timely settle the disputes through arbitration. Hence, attempting to settle the disputes pursuant to the arbitration agreement after Defendant terminated Plaintiff's employment was not timely made. [sic]" (Resp. 3.)

This argument is without merit. Plaintiff seems to contend that Defendant was obligated to arbitrate immediately upon Plaintiff's request for information concerning the group health plans, and that Defendant's failure to do so means that Defendant cannot compel arbitration now. This proposition is without support in either fact or law. To prove that a waiver of arbitration exists, a party must demonstrate the following: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Letizia v. Prudential Bache Sec.*, 802 F.2d 1185, 1187 (9th Cir. 1986) (internal quotations omitted). Any doubts as to waiver are resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 12-08378 SJO (JCGx)              DATE:  January 7, 2013

Here, Plaintiff has not demonstrated that Defendant has acted inconsistently with the right to arbitrate.  In particular, Defendant's failure to seek arbitration at the time Plaintiff demanded information related to the group health plan is not inconsistent with Defendant's attempt to compel arbitration now.  At the time Plaintiff requested the information, Defendant could not foresee that Plaintiff would ultimately bring claims against Defendant for violations of ERISA, and so any attempt to arbitrate at that time would have been premature.  Further, Defendant has asserted its right to arbitrate this dispute by bringing the instant Motion at the earliest opportunity: immediately after filing its Answer.  Thus, this is not a case where the defendant has engaged in protracted litigation before seeking to assert its arbitration rights.  *Cf. Kingsbury v. U.S. Greenfiber, LLC*, No. CF 08-00151-AHM (AGRx), 2012 WL 2775022 (C.D. Cal. Aug. 31, 2012) (finding defendants had waived arbitration when they had actively litigated the case for over four years, including discovery, a motion to remand, and multiple motions for class certification)

Accordingly, the Court finds that Defendant has not waived its right to arbitrate.

III.     RULING

For the foregoing reasons, the Court **GRANTS** Defendant's Motion.  The parties shall submit this matter to arbitration in accordance with the arbitration agreement.  Because the Court finds that this dispute is subject to arbitration, the Court **STAYS** this action pending the resolution of the arbitration.  Accordingly, the **Scheduling Conference** set for January 14, 2013 is hereby taken **off calendar**, and the Court sets a status conference concerning the status of the arbitration for **April 8, 2013 at 8:30 a.m.**

IT IS SO ORDERED.